UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CASE NO.: 1:25-cv-13191

PAUL VELGOS,

        Plaintiff,

v.

TAINO REAL ESTATE SERVICES & DEVELOPMENT, INC.,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff PAUL VELGOS by and through his undersigned counsel, brings this Complaint against Defendant TAINO REAL ESTATE SERVICES & DEVELOPMENT, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff PAUL VELGOS ("Velgos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Velgos's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Velgos is a professional photographer who specializes in high-quality cityscape, landscape, and beach photography. His work is available to purchase as prints and licensed for digital download. Velgos has licensed his work over 20,000 times for use in movies, television, books, magazines, websites, prints, wall decor, and more by some of the world's most well-known businesses, including Forbes, The Wall Street Journal, Time, Yahoo! and ABC News.

Velgos frequently works directly with businesses and partners with advertising agencies, art consultants, and design consultants on projects.

3. Defendant TAINO REAL ESTATE SERVICES & DEVELOPMENT, INC. ("Taino Real Estate") is a family-owned real estate brokerage firm providing services in Boston, Massachusetts. Taino Real Estate is a father son team that conducts business as Howe Realty Group. At all times relevant herein, Taino Real Estate owned and operated the Facebook Account located at the URL https://www.facebook.com/CJHoweRealtyGroup/ (the "Facebook Page").

4. Velgos alleges that Defendant copied Velgos's copyrighted Work from the internet in order to advertise, market and promote its business activities. Defendant committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Massachusetts.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANTS

9. Taino Real Estate Services & Development, Inc. is a Massachusetts Corporation, with its principal place of business at 185 Highland Street, Boston, MA, 02119, and can be served by serving its Registered Agent, Curtis T. Howe at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2014, Velgos created the photograph entitled "PaulVelgos_ECO091514_4006_DSC6605.jpg," which is shown below and referred to herein as the "Work."



11. Velgos registered the Work with the Register of Copyrights on September 16, 2014, as part of a group registration. The Group Registration was assigned registration number VAU 1-185-219. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Velgos published the Work on September 12, 2014, by displaying it on his Website at https://www.velgos.com/media/2ff093ec-fcde-4254-9906-a9d5ec0e490b-boston-skyline-at-night-with-harvard-bridge (the "Website"). At the time he published the Work on the

Website and at all times thereafter, Velgos displayed licensing information through a link[1] on the Website.

13. Velgos's display of the Work on the Website also included copyright management information ("CMI") with "© PAUL VELGOS" embedded on the photo and a copyright notice with link to licensing terms next to the Work (collectively, the "Attributions").

14. Velgos's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Velgos was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANT

16. Defendant has never been licensed to use the Work for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

18. On or about November 30, 2024, Velgos discovered the unauthorized use of his Work on the Facebook Page.

19. Defendant copied Velgos's copyrighted Work without Velgos's permission or authority.

20. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its real estate business.

---

[1] https://www.velgos.com/terms

21. Defendant copied and distributed Velgos's copyrighted Work in connection with its business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling products and services.

22. Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Velgos never gave Defendant permission or authority to copy, distribute or display the Work for any purpose.

24. When Defendant copied and displayed the Work, Defendant removed Velgos's CMI from the Work.

25. Velgos never gave Defendant permission or authority to remove CMI from the Work.

26. When Defendant copied and displayed the Work, Defendant added false CMI to the Work.

27. Velgos never gave Defendant permission or authority to add CMI to the Work.

28. Velgos notified Defendant of the allegations set forth herein on January 22, 2025, and February 27, 2025. To date, Defendant has failed to respond to any communications.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

29. Velgos incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Velgos owns a valid copyright in the Work.

31. Velgos registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Defendant copied, displayed, and distributed the Work and made derivatives of the Work without Velgos's authorization in violation of 17 U.S.C. § 501.

33. Defendant performed the acts alleged in the course and scope of its business activities.

34. Defendant's acts were willful.

35. Velgos has been damaged.

36. The harm caused to Velgos has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

37. Velgos incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

39. Defendant has a direct financial interest in the infringing material because it derives profits from the Facebook Page displaying the infringed Work.

40. Despite having the ability to stop the infringed Work from being displayed on its Facebook Page, Defendant allowed the materials to remain up for display.

41. To the extent that the actions described above were performed by the third-party alone, Defendant is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Velgos's authorization in violation of 17 U.S.C. § 501.

42. Velgos has been damaged.

43. The harm caused to Velgos has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44. Velgos incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

45. The Work at issue in this case contains CMI in the form of Attributions on the Website.

46. Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Facebook Page without any of the Attributions in violation of 17 U.S.C. § 1202(b).

47. Defendant distributed the Work to Facebook knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

48. Defendant committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Velgos's rights in the Work

49. Defendant caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Velgos's rights in the Work at issue in this action protected under the Copyright Act.

50. Velgos has been damaged.

51. The harm caused to Velgos has been irreparable.

## COUNT IV
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

52. Velgos incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

53. The Work at issue in this case contains false CMI.

54. Defendant knowingly and with the intent to enable or facilitate copyright infringement, added CMI, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing its logo and business contact information on to the Work, as shown below:



55. Defendant distributed copies of the Work to third parties which included false CMI conveyed in connection with the Work.

56. Defendant committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Velgos's rights in the Work.

57. After applying the false CMI to the Work, Defendant published the Work in violation of 17 U.S.C. § 1202(a).

58. Velgos has been damaged.

59. The harm caused to Velgos has been irreparable.

WHEREFORE, the Plaintiff PAUL VELGOS prays for judgment against the Defendant TAINO REAL ESTATE SERVICES & DEVELOPMENT, INC. that:

  a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

  b. Defendant be required to pay Velgos his actual damages and Defendant's profits attributable to the infringement, or, at Velgos's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

  c. Velgos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  d. Velgos be awarded pre- and post-judgment interest; and

  e. Velgos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Velgos hereby demands a trial by jury of all issues so triable.

Dated: October 29, 2025       Respectfully submitted,

              */s/ Rebecca A. Kornhauser*
              REBECCA A. KORNHAUSER
              BBO Number: 716854
              Rebecca.kornhauser@sriplaw.com

              **SRIPLAW, P.A.**
              41 Madison Avenue
              25th Floor
              New York, NY 10010
              646.517.3534 – Telephone
              561.404.4353 – Facsimile

              *Counsel for Plaintiff Paul Velgos*